**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WAYNE EDWARD DESWERT,

           Plaintiff,

    v.                                              6:24-cv-00278 (AMN/TWD)

TRAVELERS COMMERICAL INSURANCE
COMPANY,

           Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF GUSTAVE J. DETRAGLIA, JR.** <br> 1425 Genesee Street <br> Utica, New York 13501 <br> *Attorneys for Plaintiff* | **MICHELE E. DETRAGLIA, ESQ.** |
| **KENNEY SHELTON LIPTAK NOWAK LLP** <br> 140 Allens Creek Road – Suite 220 <br> Rochester, New York 14618 <br> *Attorneys for Defendant* | **ALEXANDER J. DOUGLAS, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

        On January 16, 2024, Plaintiff Wayne Edward Deswert ("Plaintiff") commenced this action in New York State Court against Travelers Commercial Insurance Company ("Defendant"), alleging state law claims for breach of contract and bad faith claims handling following Defendant's denial of an insurance claim related to a February 6, 2022 plumbing leak at Plaintiff's property. Dkt. No. 2 ("Complaint"). On February 26, 2024, Defendant removed this action to federal court on the stated basis of diversity. Dkt. No. 1.

Presently before the Court is Defendant's partial motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Dkt. No. 5 ("Motion"). Plaintiff filed opposition papers, Dkt. No. 9, and Defendant filed reply papers in further support, Dkt. No. 10. For the reasons set forth below, the case is remanded to New York State Supreme Court, Oneida County, for lack of subject matter jurisdiction.[1]

## II.  BACKGROUND

### A. The Parties

Plaintiff owns a property located in Essex County, New York (the "Property"). Dkt. No. 2 at ¶¶ 1, 8. Plaintiff is a citizen of Pennsylvania. *Id.* at ¶ 1.

Defendant is an insurance company and issued an insurance policy to Plaintiff covering the Property for, *inter alia*, water damage (the "Policy"). *Id.* at ¶¶ 2–4. Defendant is a citizen of Connecticut. *Id.* at ¶ 2; Dkt. No. 1 at ¶ 5.

### B. Plaintiff's Allegations

The two-count Complaint alleges that a plumbing leak occurred at Plaintiff's property on February 6, 2022, causing water damage. Dkt. No. 2 at ¶¶ 5, 7. The first count ("Count One") alleges that Defendant "acted in bad faith in failing to properly resolve the claim, and failed to pay all costs to properly repair the building and/or replace the building and contents." *Id.* at ¶ 11; *see also id.* ¶¶ 1–13. Count One seeks "approximately $70,000" in damages. *Id.* at ¶¶ 7, 11; *see also id.* at 5–6.[2]

Plaintiff's second count ("Count Two") alleges that Defendant "engaged in bad faith claims

---

[1] As the Court lacks subject matter jurisdiction over this action, it has no authority to rule on the Motion. Accordingly, the Motion is terminated. *See Doe v. Warner*, 659 F. Supp. 3d 293, 295 n.2 (E.D.N.Y. 2023).

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

handling" and "engaged in bad faith in the investigation and adjustment of the claim and improperly denied the claim." *Id.* at ¶¶ 15, 27; *see also id.* at ¶¶ 16–26. Count Two seeks unspecified "attorney's fees," *id.* at ¶ 15, and unspecified "consequential damages, consequential losses, and punitive damages," *id.* at 6; *see also* ¶¶ 15, 19, 27.

### C. Procedural History

Following Defendant's removal of the case to federal court in February 2024, the parties have not engaged in any motion practice (aside from the instant Motion) and seemingly have not yet commenced discovery. *See* Dkt. Nos. 11, 14.[3]

The Motion argues that Count Two is duplicative of Count One and certain damages are also unavailable under New York law. Dkt. No. 5. After a Court-approved extension of time, Dkt. Nos. 7–8, Plaintiff filed an affirmation in opposition to the Motion, Dkt. No. 9, and Defendant filed a Reply, Dkt. No. 10.

## III.   DISCUSSION

Before reaching the substance of the Motion, the Court addresses the threshold issue of its jurisdiction. *See, e.g.,* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Daley v. Amtrak*, No. 24-cv-07378, 2024 WL 4602139, at *1 n.2 (S.D.N.Y. Oct. 29, 2024) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the

---

[3] On January 2, 2025, the parties requested that the Court permit Plaintiff to file an Amended Complaint. Dkt. Nos. 11–12. The Court issued a text order permitting Plaintiff to file an Amended Complaint by February 4, 2025 and advised that "[n]either the Complaint, Dkt. No. 2, nor the proposed Amended Complaint, Dkt. No. 12-1, adequately alleges the existence of diversity jurisdiction. . . . If Plaintiff alleges diversity jurisdiction, the Amended Complaint must adequately allege the amount in controversy, as well as the citizenship of all parties, including the citizenship of the partners of the proposed new defendant." Dkt. No. 14 (citations omitted). On February 3, 2025, Plaintiff informed the Court that "no Amended Complaint will be filed." Dkt. No. 15.

3

absence of a challenge from any party.'") (quoting *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019)) (remanding case *sua sponte* for lack of subject matter jurisdiction); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. . . . [F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.") (citations omitted).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). Here, Defendant asserts diversity jurisdiction on the basis of the allegations in the Complaint. Dkt. No. 1; 28 U.S.C. § 1332(a). When diversity jurisdiction is invoked, "[p]ursuant to 28 U.S.C. 1332(a), the removing party must establish that: (1) there is complete diversity of citizenship of the parties; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest." *Warner*, 659 F. Supp. 3d at 296 (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011)); *see also Windward Bora LLC v. Browne*, 110 F.4th 120, 125–26 (2d Cir. 2024).

As detailed earlier, the Complaint and Defendant's related submission appear to establish diversity of citizenship. *See* Section II.A, *supra*; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2006) ("Defendants may remove an action on the basis of diversity citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of

the forum State."). As to the amount in controversy, Defendant's Notice of Removal describes the Complaint's allegations as follows:

> Upon information and belief, Plaintiff seeks an amount in excess of $75,000. In addition to the $70,000 specified by Plaintiff for the first cause of action for breach of contract, Plaintiff seeks additional ["]consequential losses, consequential damages, and punitive damages" in relation to the second cause of action for bad faith. [Defendant] reasonably believes that the amount sought by Plaintiff for the second cause of action exceeds $5,000.

Dkt. No. 1 at ¶ 9(c); *see also id.* at ¶¶ 7–8.

Generally, there is "a rebuttable presumption [ ] that the face of the complaint is a good faith representation of the actual amount in controversy[.]" *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (quoting *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). However, this presumption may be rebutted when there is "a 'legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *GW Holdings Grp. LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 51 (2d Cir. 2019) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)); *see also Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 507 n.5 (2d Cir. 2005) ("In a diversity case, if a court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case is dismissed for lack of subject matter jurisdiction.") (citations omitted). Moreover, conclusory allegations and boilerplate pleadings are insufficient to establish the amount in controversy. *See, e.g., Schwartz*, 397 F. Supp. 3d at 365; *Valente v. Garrison From Harrison, LLC*, No. 15-cv-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case *sua sponte* for lack of subject matter jurisdiction).

The Court finds that the face of the Complaint fails to satisfy the amount-in-controversy requirement. Count One alleges only $70,000 in damages. Dkt. No. 2 at 5–6, ¶¶ 7, 11. Count Two alleges unspecified "consequential damages, consequential losses, and punitive damages"

and also seeks unspecified "attorney's fees." *Id.* at 6, ¶¶ 15, 19, 27. While "[d]ifferent state claims brought by a single plaintiff may be aggregated for purposes of satisfying the amount-in-controversy requirement," *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation omitted), nothing alleged in Count Two increases the amount-in-controversy beyond $70,000.

As an initial matter, under New York law,[4] "[i]t is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Dormitory Auth. of N.Y. v. Samson Constr. Co.*, 30 N.Y.3d 704, 711 (2018) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987)); *see also Henry v. Capital One, N.A.*, No. 22-1088, 2023 WL 4044107, at *2 (2d Cir. June 16, 2023) (summary order) (same) (affirming district court's dismissal of tort claims where plaintiff alleged no duty independent of contractual obligations). Count One alleges that "[P]laintiff has fully performed all of the terms and conditions required under the policy of insurance" and that Defendant "acted in bad faith in failing to properly resolve the claim." Dkt. No. 2 at ¶¶ 10–11. Count Two similarly alleges that "[P]laintiff demonstrated to [Defendant] that he had complied with the policy and fully performed all of the terms and conditions required under the policy of insurance and that he was entitled to coverage under the policy" and that Defendant "engaged in

---

[4] The parties' briefs assume that New York law applies to this diversity action. *See* Dkt. Nos. 5, 9–10. "Where the parties so assume, the Court need not address choice of law *sua sponte*." *Avent v. Platinum Plus Auto Prot.*, No. 19-cv-1494, 2021 WL 706643, at *8 n.11 (N.D.N.Y. Feb. 23, 2021) (quoting *Henneberry v. Sumitomo Corp. of Am.*, No. 04-cv-2128, 2005 WL 991772, at *5 n.3 (S.D.N.Y. Apr. 27, 2005)); *see also Ezrasons, Inc. v. Travelers Indem. Co.*, 89 F.4th 388, 394 n.5 (2d Cir. 2023) ("We apply New York state law to this case because the parties' briefs both assume New York state law governs and such 'implied consent is . . . sufficient to establish the applicable choice of law.'") (quoting *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017)).

bad faith in the investigation and adjustment of the claim and improperly denied the claim." *Id.* at ¶¶ 16, 27.  Count Two characterizes this breach of contract as "egregious tortious conduct." *Id.* at ¶ 26.  But Count Two fails to allege a violation of any duty independent of the insurance contract at issue in Count One.  *See Clark-Fitzpatrick*, 70 N.Y.2d at 389 ("This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract[.]").

Count Two is thus entirely duplicative of Count One.  *See, e.g., Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (stating that under New York law, if "the basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative") (citation omitted); *Houston Cas. Co. v. Paul Ryan Assocs., Inc.*, 348 F. Supp. 3d 363, 364 (S.D.N.Y. 2018) ("Under New York law, because 'every contract contains an implied covenant of good faith and fair dealing,' a 'cause of action alleging a breach of good faith is duplicative of a cause of action alleging breach of contract.'") (first quoting *Apfel v. Prudential-Bache Secs., Inc.*, 583 N.Y.S.2d 386 (App. Div. 1992); and then citing *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73 (2d Cir. 2002)); *Bracken v MH Pillars Inc.*, 290 F. Supp. 3d 258, 264 (S.D.N.Y. 2017) ("A tort claim that constitutes 'merely a restatement, albeit in slightly different language, of the 'implied' contractual obligations asserted in the cause of action for breach of contract' is similarly subsumed by the breach of contract claim.") (quoting *Clark-Fitzpatrick*, 70 N.Y.2d at 390) (dismissing case *sua sponte* for lack of subject matter jurisdiction); *Weaver v. Axis Surplus Ins. Co.*, No. 13-cv-7374, 2014 WL 5500667, at *17 (E.D.N.Y. Oct. 30, 2014), *aff'd*, 639 F. App'x 764 (2d Cir. 2016) ("New York law does not 'recognize an independent cause of action for bad faith denial of insurance coverage' because such a claim 'would be duplicative of a claim sounding in breach of contract.'") (quoting *Sikarevich*

*Family L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 171 (E.D.N.Y. 2014)); *Graubart v. Jazz Images, Inc.*, No. 02-cv-4645, 2006 WL 1140724, at *4 (S.D.N.Y. Apr. 27, 2006) (finding tort claims under New York law were "merely duplicative of the contract claim and allege no violation of a legal duty independent of the underlying contract and therefore should be disregarded as superfluous" and dismissing complaint for lack of subject matter jurisdiction).

Correspondingly, the damages Plaintiff seeks in Count Two for the denial of the insurance claim are not recoverable as alleged. *See, e.g., Sprague Operating Res. LLC v. Energy Star Transp., Inc.*, No. 20-cv-3382, 2021 WL 11716399, at *2 (S.D.N.Y. Apr. 20, 2021) ("New York generally does not recognize a damages claim for bad faith denial of coverage because such claims would be duplicative of a claim sounding in breach of contract.") (citations omitted); *see also Suarez v. Mosaic Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 54 (2d Cir. 2018); *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85–86 (2d Cir. 2012); *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 192 (2008).[5]

Thus, the Court finds that there is a "legal certainty" that the $70,000 stated on the face of the Complaint does not exceed the $75,000 jurisdictional threshold. *See GW Holdings Grp.*, 794 F. App'x at 51 (citation omitted); *Mehmet v. Gautier*, No. 18-cv-9090, 2019 WL 4805859, at *10 (S.D.N.Y. Sept. 30, 2019) (collecting cases). As a result, Defendant has not established the amount in controversy necessary for diversity jurisdiction. *Compare* Dkt. Nos. 1–2*, with Lupo v. Hum.*

---

[5] Relatedly, the Complaint's mention of "costs," Dkt. No. 2 at ¶¶ 15, 27, does not increase the amount in controversy, which is determined "exclusive of costs," *Warner*, 659 F. Supp. 3d at 296 (citation omitted); *see also Hallinan v. Republic Bank & Tr. Co.*, 519 F. Supp. 2d 340, 355 (S.D.N.Y. 2007), *aff'd*, 306 F. App'x 626 (2d Cir. 2009) (surveying New York law and noting "the standard rule that a litigant may not be awarded attorneys' fees and costs on a breach of contract claim"). The Complaint's references to "interest", *see, e.g.,* Dkt. No. 2 at 5–6, are similarly unavailing, as the amount in controversy is also determined "exclusive of interest," 28 U.S.C. § 1332(a).

*Affs. Intern., Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994) ("[W]e hold that if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.") (citation omitted).

Given the limited jurisdiction of federal courts, the Court is constrained to remand this case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Negron v. Target Corp.*, No. 24-cv-5144, 2024 WL 4043691, at *2 (E.D.N.Y. Sept. 4, 2024) ("The Second Circuit has construed this provision [28 U.S.C. § 1447(c)] as authorizing a district court, at any time, to remand a case *sua sponte* for lack of subject matter jurisdiction.") (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006)) (remanding case *sua sponte* for lack of subject matter jurisdiction); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (quoting *Lupo*, 28 F.3d at 274).

Accordingly, the Court remands this action to New York State Supreme Court, Oneida County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that this action is **REMANDED** to New York State Supreme Court, Oneida County; and the Court further

9

**ORDERS** that Defendant's Motion, Dkt. No. 5 is **TERMINATED for lack of subject matter jurisdiction**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: February 6, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge